FILED
10/18/17 11:05 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: ) | Bankruptcy No. 17-21969-GLT |
| Ronald G. O'Block ) | Chapter 13 |
|    Debtor ) | Doc No. |
| Ronald G. O'Block ) | |
|    Movant ) | Response: October 16, 2017 |
| vs ) | Hearing: November 1, 2017 |
|    No Respondent ) | At 10:30 a.m. |
| | Related to Docket No. 26 |

### ORDER EMPLOYING SPECIAL COUNSEL
### FOR APPLICANT RONALD G. O'BLOCK.

AND NOW, this _18th Day of October,_____, 2017, upon consideration of the Debtor's Application For Order of Employment of Special Counsel, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

(1) Daniel Joseph Sammel, Esquire and the law firm of **Ainsman Levine, LLC,** with offices at **310 Grant Street, Suite 1500, Pittsburgh, PA 15219** are hereby appointed as Special Counsel for the Debtor in this bankruptcy proceeding for the reasons set forth in the Motion, as of the date of filing the Motion.

(2) Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well, including: the time and labor reasonably required by the Professional to perform, the novelty and difficulty of the issues presented, the skill requisite to perform the service properly, the preclusion of other employment due to acceptance of this case, the customary fee for similar services, the time limitations imposed by the client or the circumstances encountered while performing the services, the experience, reputation and ability of the Professional(s) involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

3. Approval of any motion for appointment of a professional in which certain fees are requested for various identified professionals is not an agreement by the Court to allow such fees at the requested hourly rates, and is not a preapproval of compensation pursuant to 11 U.S.C. §328(a). Final compensation awarded only after notice and hearing, may be more or less than the requested hourly rates based on application of the above-mentioned factors in granting approval by Court Order. Any retainer paid to the Professional is unaffected by this Order and remains property of the Estate until further order of Court.

4. Notwithstanding anything to the contrary in the letter of engagement or agreement between Application and the Professional, this Order does not authorize the Professional to retain or pay any outside counsel or other professional to assist the Professional in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of, and payment to, an outside counsel or other professional is subject to prior approval of the Court.

5. *Applicant shall serve the within Order on all interested parties and file a Certificate of Service.*

By the Court

_____
Honorable Gregory L. Taddonino
United States Bankruptcy Judge

**ENTERED BY DEFAULT**

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 17-21969-GLT
Ronald G. Oblock                                                          Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0315-2          User: lfin              Page 1 of 1              Date Rcvd: Oct 18, 2017
                              Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 20, 2017.
db             +Ronald G. Oblock,    897 Center Road,    Pittsburgh, PA 15239-1963

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 20, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 18, 2017 at the address(es) listed below:
          Bryan P. Keenan    on behalf of Debtor Ronald G. Oblock keenan662@gmail.com, melindap662@gmail.com
          David W. Raphael    on behalf of Creditor    S&T Bank draphael@grenenbirsic.com,
           mcupec@grenenbirsic.com
          James Warmbrodt    on behalf of Creditor    Toyota Lease Trust bkgroup@kmllawgroup.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
           ckutch@ecf.courtdrive.com;acarr@bernsteinlaw.com
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 6